UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **JENNINGS DYE,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     v. | )    CAUSE NO. 1:13-CV-276 |
| | ) |
| **REXON INDUSTRIAL CORP., et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

**OPINION AND ORDER**

Before the Court is a stipulation by the parties pursuant to Federal Rule of Civil Procedure 26(c)(7), seeking approval of a Joint Protective Order Regarding Confidential Information. (Docket # 21.) Because the proposed order is deficient in several ways, it will be DENIED.

Rule 26(c)(7) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). But a protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Id.*; *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001) (same); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998) (same). Here, the parties fail to create such properly demarcated categories.

To explain, the proposed protective order–which extends beyond merely the discovery phase of the proceedings (*see* Proposed Joint Protective Order ¶ 5)–defines "Confidential Materials" as follows:

> any documents, information or things that constitute, reflect, or contain trade secrets or other non-public, proprietary or business-sensitive information or things, including, without limitation, confidential research, development, financial, corporate, or other commercial information belonging to or concerning a party or conveying party . . . ."

(Proposed Joint Protective Order ¶ 2.) Thus, rather than formulating narrow, demarcated categories of legitimately confidential information, the proposed order advances a vague, circular definition of "Confidential Materials" that relies upon oblique terms such as "confidential," "proprietary," and "business-sensitive." Confounding the problem, paragraph 3(i) states that the parties will avoid designating as "Confidential" any information "that is not entitled to such designation under the Federal Rules of Civil Procedure or that is generally available to the public," suggesting yet another definition of "Confidential Materials" in the proposed order.

Furthermore, the inclusion of the phrase "including, without limitation," in the definition is a "fudge" term that seeks to protect more material than may be necessary. *See Cincinnati Insurance*, 178 F.3d at 944 (emphasizing that the word "believed" incorporated into the phrase "believed to contain trade secrets" is a "fudge"); *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (articulating that a party's attempt to qualify a "fudge" word by the phrase "in good faith" fails to sufficiently cure the deficiency). Similarly, the use of the qualifier "non-public" "is too vague. If it means only that the information is not available to the general public, then it is insufficient because the information must be kept secret from and not be readily ascertainable by potential competitors." *Cook*, 206 F.R.D. at 248.

Indeed, "if the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information

is not otherwise publicly available." *Id.* at 249. "They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material." *Id.* For material to be protected, it "must give the holder an economic advantage and threaten a competitive injury–business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Id.* at 248. Accordingly, "merely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard*, 2003 WL 1702256, at *1 (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002)).

Another deficiency in the proposed order is that documents which "contain" confidential information are included in the definition of "Confidential Materials," and thus, are protected in their entirety. (Proposed Joint Protective Order ¶¶ 2, 3.) But "[d]ocuments which contain both protectable and non-protectable information need only have the protectable portions of the documents redacted in order to maintain secrecy." *Smith v. City of Chicago*, No. 04 C 2710, 2005 WL 3215572, at *3 (N.D. Ill. Oct. 31, 2005); *see Cincinnati Insurance*, 178 F.3d at 945 (explaining that an order sealing documents which contain confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document).

Moreover, *Cincinnati Insurance* specifies that protective orders may only issue if the order "makes explicit that either party and any interested member of the public can challenge the secreting of particular documents." 178 F.3d at 946. The proposed order contemplates a party's

3

challenge to another party's designation, but not a challenge by an interested member of the public. (*See* Proposed Joint Protective Order ¶ 7.)

Also, paragraph 10 allows non-parties to designate their own information as "Confidential" under the protective order and affords them all the rights and obligations of a party under the order. But to reiterate, "[i]n order to justify the entry of a protective order, a party must demonstrate good cause for the issuance of the order." *Kraft Foods Global, Inc. v. Dairilean, Inc.*, No. 10 C 8006, 2011 WL 1557881, at *6 (N.D. Ill. Apr. 25, 2011). On this record, the entry of a protective order that relates to unknown non-parties is not justified. *See id.* If necessary, third parties may petition the Court to protect their own confidential information; thus, paragraph 10 should be stricken.

Similarly, paragraph 11 dictates a response procedure for "any person" who has possession, custody, or control of "Confidential Materials" and receives a subpoena. But "[i]ssues relating to third party compulsory disclosure are likely to be fact-specific and will be determined as they arise" in accordance with Rule 45. *Id*. Therefore, the Court is unwilling to adopt paragraph 11.

What is more, paragraph 14(b) of the proposed order contemplates the removal by the parties of documents filed under seal with the Clerk after the termination of this litigation. This provision is unacceptable; once a document is filed with the Court, it remains part of the record, whether under seal or otherwise.

Finally, paragraph 15, suggesting that a violation of the order is punishable as a contempt of court, is overly broad and should be deleted. The Court is unwilling to enter a protective order that suggests it retain jurisdiction of any kind after the resolution of the case. *See E.E.O.C.*

4

*v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010).

The parties are reminded that "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Cincinnati Insurance*, 178 F.3d at 945. That is, "[w]hat happens in federal courts is presumptively open to public scrutiny." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). "People who want secrecy should opt for arbitration. When they call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials. Judicial proceedings are public rather than private property . . . ." *Union Oil Co. of Ca. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000).

Accordingly, a protective order "may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2. For these reasons, the Court DENIES approval of the proposed Joint Protective Order submitted by the parties. (Docket # 21.) The parties may, however, submit a revised protective order consistent with the requirements of Rule 26(c)(7) and Seventh Circuit case law.

SO ORDERED. Enter for this 29th day of May, 2014.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

5